THE STATE OF NEVADA, APPELLANT, *v.* CHARLES H. FISH *et als.*, RESPONDENTS.

AUDITOR NOT LIABLE FOR ACTS OF BOARD OF EQUALIZATION. Where a county board of equalization illegally reduced the assessments for revenue purposes on the proceeds of mines, and the county auditor extended on the assessment roll the assessments so reduced: *Held*, that he and his sureties were not liable as for a breach of his official duty.

SUIT AGAINST AUDITOR. A suit against a county auditor, on his official bond, is not the way to remedy wrongful acts of the county board of equalization in illegally reducing assessments for taxes.

AUDITOR'S DUTIES AS TO ASSESSMENTS FOR TAXES. The county board of equalization being authorized to equalize taxes, if they make an order reducing the assessments, however illegal it may be, the county auditor must be governed by their action until it is set aside by a court of competent jurisdiction.

APPEAL from the District Court of the First Judicial District, Storey County.

This action against Charles H. Fish, County Auditor of Storey County, and John Piper, William Welch, C. G. Funk, R. N. Graves and W. W. Stovall, the sureties on his official bond, was similar *mutatis mutandis* to the preceding case of *The State of Nevada* v. *Kruttschnitt*. The breach of duty alleged was that he willfully, wrongfully and unlawfully, and intending to defraud the plaintiff out of its revenues, neglected and refused to extend the taxes upon the said amounts set down in said assess-

ment roll [of proceeds of mine for the quarter ending June 30th, 1867] in said currency upon which taxes were levied, and delivered the said assessment roll for said quarter to the said Assessor for collection of taxes without having so extended said taxes upon said last mentioned amounts, whereby the plaintiff lost a large amount of its revenue, to wit: the sum of fifteen thousand dollars," etc. Additional facts, throwing light upon the proceedings of the Board of Equalization, are noticed in the statement of facts in the preceding case of *The State of Nevada* v. *Kruttschnitt.* The judgment of the Court below was in favor of defendants.

*R. M. Clarke,* Attorney General, and *Mesick and Seely,* for Appellant.

*Hillyer and Whitman,* for Respondents.

By the Court, BEATTY, C. J.

This action was brought against Fish and his sureties on his official bond, as County Auditor, for an alleged breach of that bond, in failing to properly extend on the assessment roll the taxes levied on the proceeds of mines for the quarter ending June 30th, 1867.

The facts appear to be that the Assessor, for the quarter ending June 30th, 1867, obtained from the different mining superintendents of Storey County a statement showing the products of the different mines for the preceding quarter, and also the amount liable to taxation after making the proper allowance for cost of working the ores. To this amount, which was of course coin or bullion, (for the mines produce bullion, and not paper) the Assessor very properly added the right percentage to bring it to legal tender paper currency value. The only error made in his assessment was that he allowed the deduction for working at $18 and $40 per ton to be made in coin instead of paper. (See *State* v. *Kruttschnitt* decided at this term.) After the assessment was made, the miners brought the case before the Board of Equalization, and that Board equalized the assessment by reducing the taxable proceeds from the amount fixed by the Assessor to the gold

15

value fixed by the superintendents. This, it would appear from the recitals in the order equalizing the taxes, was probably made without any testimony that the valuation was too high. It was simply a defiance of the law of the land which requires assessments for taxes to be made on a paper money basis. But however illegal the conduct of the Board of Equalization, a suit on the bond of the County Auditor is not the way to remedy their wrongful acts. That Board is authorized to equalize taxes. When they have made an order in that respect, the Auditor must be governed by their action until it is set aside by some court of competent jurisdiction.

Judgment of the Court below affirmed.